UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    SUZANNE M. EISENBERGER,                    BK 23-10035 CLB

                          Debtor.                            <u>DECISION & ORDER</u>
------------------------------------------------------

                Barry H. Sternberg, Esq.
                Barry Sternberg Law Offices
                216 Crossfield Road
                Rochester, New York 14609
                Attorney for Debtor

                Julie Philippi, Esq.
                170 Franklin Street
                Buffalo, New York 14202
                Chapter 13 Trustee

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

      In this Chapter 13 case, the debtor proposes to separately classify her student loans and to pay those loans outside the plan. Objecting to confirmation, the trustee argues that the amount of non-exempt assets compels full payment of the student loans within the contemplated plan duration of five years. Alternatively, the trustee seeks to require that her office serve as a conduit for payments on account of student loans.

      Suzanne M. Eisenberger filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 18, 2023. Soon thereafter, the Chapter 7 trustee learned that submitted schedules failed to disclose that the debtor and her father were joint owners of a corporation with significant real estate holdings. When presented with this information, Eisenberger converted her case into a proceeding under Chapter 13.

      The debtor represents that she owes more than $275,000 on student loans and that her other general unsecured debts total approximately $36,000. Meanwhile,

Eisenberger's counsel has stipulated "that the value of the debtor's 50% interest in the corporation exceeds the value of the total amount of unsecured debt, including the significant amount of student loan debt." At the time of bankruptcy filing, the debtor's obligation to repay her educational loans was deferred. Even if the deferments were to end, however, the loans contemplate payment over a term that would extend beyond the maximum permitted duration of any plan.

Suzanne Eisenberger acknowledges that the student loans are non-dischargeable. In her plan, she proposes monthly payments to the trustee in an amount sufficient to satisfy 100% of all allowed unsecured claims other than student loans. Placing the student loans into a separate class, the plan further states that Eisenberger "will maintain the contractual installment payments and cure any default in payments." The debtor advises, however, that she anticipates no arrears in need of cure, due to current deferments. When the deferments end, the student loans will be paid not through the trustee but directly by the debtor.

At this time, the parties seek only a decision on whether the student loans can be separately classified and paid outside the plan. The Chapter 13 trustee opposes confirmation of this proposal on the basis that it fails to satisfy the guidelines of 11 U.S.C. § 1325(a)(4). This section states in relevant part as follows:

> "Except as provided in subsection (b), the court shall confirm a plan if . . . (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

In her written submission, the trustee asserts that pursuant to this section, "the plan must provide that unsecured claims receive at least as much as those claims would receive in a hypothetical chapter 7." Because the debtor's non-exempt assets exceed the sum of all student loans and other unsecured obligations, the trustee insists that

distributions under the plan must satisfy all of these claims within the plan's five year duration. Eisenberger disputes the trustee's interpretation of section 1325(a)(4) and asks that we distinguish distributions under a plan from distributions through a plan. In the debtor's view, the plan fulfills the requirements of section 1325(a)(4) by preserving the rights of educational loan creditors to enforce their non-dischargeable claims. She further contends that "there is no reason to force the liquidation of assets to pay student loan debts while the Chapter 13 case is pending."

## Discussion

For cases filed under Chapter 13, section 1321 of the Bankruptcy Code directs that "[t]he debtor shall file a plan." Section 1322 then defines the required and permissible contents of such a plan. For purposes of the present dispute, subdivisions (b)(1) and (b)(5) of section 1322 establish the controlling standards.

In relevant part, section 1322(b)(1) provides that a plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated." Thus, the separate classification of claims is allowed whenever two conditions are satisfied. First, the classification must satisfy the requirements that 11 U.S.C. § 1122 would impose for cases in Chapter 11. With an exception not here relevant, section 1122 states that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Here, the separate classification extends to all student loans. As required by section 1122, all such claims are substantially similar in that they are non-dischargeable debts incurred for the purpose of financing educational expenses.

The second prerequisite for separate classification is that the designation "not discriminate unfairly." 11 U.S.C. § 1322(b)(1). Creditors in the class of general unsecured creditors will suffer no discrimination, in that they will receive payment in

full within the term of the plan.  Meanwhile, the proposed treatment of student loans is not unfair, in that those creditors retain the full benefit of their bargain as defined by the underlying loan agreements.  *See In re Potgieter*, 436 B.R. 739, 743 (Bankr. M.D.Fla. 2010).

While section 1322(b)(1) sets the limits of claim classification, section 1322(b)(5) authorizes the debtor's proposed treatment of those separately classified claims.  In relevant part, this later section states that the plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."  Here, the student loans provide for repayment over a term that extends beyond the plan's duration.  By reason of deferments, Suzanne Eisenberger has no existing default that needs to be cured.  As authorized by 11 U.S.C. § 1322(b)(5), the debtor's plan may allow for the "maintenance of payments" rather than a satisfaction of the obligation.

Notwithstanding the provisions of section 1322(b), the trustee contends that 11 U.S.C. § 1325(a)(4) compels Suzanne Eisenberger to pay her student loans in full within five years of plan confirmation.  This interpretation of section 1325 is misplaced for two independent reasons.  First, subdivision (a)(4) of this section is not a prerequisite for confirmation, but one of nine components which together will guarantee confirmation.  Section 1325(a) begins with the directive that "[e]xcept as provided in subdivision (b), the court shall confirm a plan if" the subsequent nine conditions are satisfied.  Unlike the standard in 11 U.S.C. § 1129(a) for confirmation of a plan in Chapter 11, section 1325(a) does not provide that the Court may grant confirmation "only if" certain requirements are satisfied.  Rather, section 1325(a) merely creates a safe haven for confirmation in Chapter 13 and does not mandate compliance with all of the stated criteria.

Even if the trustee is correct in her argument that the proposed treatment of student loans does not comply with the conditions stated in section 1325(a)(4), the consequence would only foreclose an assurance of confirmation.  Confirmation then becomes discretionary.  In the present instance, however, Suzanne Eisenberger proposes the maintenance of payments in a fashion expressly allowed under 11 U.S.C. § 1322(b)(5).  Unless the proposal fails some other statutory restriction, the Court may exercise its discretion to confirm a plan allowing the direct payment of student obligations under the terms of the underlying loan agreements.

We also overrule the trustee's objection for a second reason.  The Bankruptcy Code carefully distinguishes the concepts of distribution and payment. Thus, 11 U.S.C. § 1328(a) provides that a debtor in Chapter 13 can receive a discharge upon completion "of all payments under the plan."  For instances where a case is handled by someone other than a standing trustee, the trustee's compensation is limited to a percentage of "all payments under the plan."  11 U.S.C. § 326(b).  Standing trustees may collect a percentage fee from "all payments received by such individual under plans." 28 U.S.C. § 586(e)(2).  In contrast, section 1325(a)(4) refers not to payments under a plan, but to distributions.  So long as the debtor proposes a plan that will ultimately distribute property sufficient to satisfy the student loans according to their terms, she fulfills the requirements of section 1325(a)(4).

Finally, the trustee argues that at least during the pendency of this case, the Chapter 13 office should serve as a conduit for all payments on account of the student loans.  Such a request is premature.  The trustee has not closed the meeting of creditors and has reserved the opportunity to present other objections to the plan.  In particular, aside from our ruling with regard to 11 U.S.C. § 1325(a)(4), we have yet to consider whether the debtor has satisfied the other conditions of section 1325(a). To the extent that Eisenberger satisfies those conditions, unless countermanded by the

limitations of 11 U.S.C. § 1325(b), the Court must confirm the debtor's proposal. Under that circumstance, we see no basis to mandate a conduit payment of the student loans. A respected treatise concurs. When confirmation is dictated by section 1325(a), "[t]he court may not add additional requirements for confirmation." 8 COLLIER ON BANKRUPTCY ¶1325.01 (Richard Levin & Henry J. Summer eds., 16th ed. 2023). On the other hand, when the Court has discretion to consider a plan whose confirmation is not mandated under section 1325(a), we may have the authority to impose conditions for approval. Accordingly, until we decide whether plan confirmation is mandated or merely permissive, we are not positioned to consider the trustee's request for conduit payments.

### Conclusion

For the reasons stated herein, the trustee's objection to plan confirmation is overruled. Accordingly, the Court will give due consideration to a plan that separately classifies student loans and that allows for the debtor to make direct payment on account of those claims according to their terms. The trustee is granted leave to present other or further objections to confirmation. For this purpose and to consider any timely request to mandate conduit payments through the trustee on account of the student loans, a further hearing on confirmation shall be held at 11 A.M. on November 7, 2023.

So ordered.

Dated: October 23, 2023            ___/s/ Carl L. Bucki_____
       Buffalo, New York           Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.